IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DARCELL L. ATKINSON,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No.: 1:20-cv-00848-SAG |
| **BRIGHTON & HOVE MOLD, LTD d/b/a AEROTURN, LLC,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff, Darcell L. Atkinson, who appears pro se, filed this case against "Brighton & Hove Mold, LTD d/b/a Aeroturn, LLC," alleging several products liability-related claims, including negligent design, defective design, and failure to warn, arising out of an injury she sustained while attempting to exit from the U.S. District Courthouse in Greenbelt, Maryland. EFC 1. Brighton & Hove Mold, LTD has moved to dismiss, ECF 6, asserting that the entity Plaintiff has sued does not exist. I have considered the motion and the parties' related filings. ECF 8, 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

**I.    ANALYSIS**

It is clear based on the affidavits and other evidence submitted to the Court that "Brighton & Hove Mold, LTD d/b/a Aeroturn, LLC" does not exist and cannot therefore be sued. While the individual and separate entity Brighton & Hove Mold, LTD ("Brighton & Hove") shares an address and one principal, Robert R. Hellman, Jr., with the individual and separate entity Aeroturn, LLC ("Aeroturn"), *see* ECF 8-1 at 15-16 (records from the Connecticut's Commercial Recording

Division), Plaintiff has proffered no evidence that the entity it sued—an amalgamation of the two—exists. Per sworn affidavits submitted by Hellman, Brighton & Hove does not do business as Aeroturn, nor does it have equity in Aeroturn. ECF 6-2, 9-1. Plaintiff's sole piece of evidence suggesting the existence of the joint entity she sued is correspondence she received from Selective Insurance Company of America, which referenced "Brighton & Hove Mold Ltd Aeroturn, LLC" as the Insured on a Selective policy. ECF 8-1 at 13. How an insurance company refers to its policyholder(s) in a letter to a claimant has no bearing on the entities' legal statuses. This letter thus fails to undermine the clear corporate records and sworn affidavits affirming that Brighton & Hove and Aeroturn are two separate companies. If Plaintiff wishes to sue one or both of Brighton & Hove Mold, LTD or Aeroturn, LLC individually, she may do so, but at this juncture she has failed to demonstrate that the presently named entity Brighton & Hove Mold, LTD d/b/a Aeroturn, LLC exists to be sued. This suit must therefore be dismissed.

## II.    CONCLUSION

For the reasons set forth above, Brighton & Hove's Motion to Dismiss, ECF 6, is GRANTED, and Plaintiff's claims are dismissed without prejudice. Plaintiff will be afforded thirty days to file an amended Complaint naming one or more viable corporate entities as a Defendant, and if she does not do so, the dismissal will convert to dismissal with prejudice and this case will be closed. A separate Order follows.

Dated: July 20, 2021                              /s/
                                        Stephanie A. Gallagher
                                        United States District Judge